# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MARISOL PITRE,

      Plaintiff,

v.                                              Case No. 6:20-cv-1116-CEM-JRK

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,[1]

      Defendant.
_____/

## ORDER

This cause is before the Court on Plaintiff's Uncontested Motion for Attorney's Fees (Doc. No. 31; "Motion"), filed July 13, 2021.[2] In the Motion, Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $3,775.54. Motion at 1-3, 5, 7, 10. Plaintiff represents that Defendant does not oppose the relief requested. Id. at 3.

Plaintiff's counsel indicates a total of 17.8 hours were expended by two attorneys in the representation of Plaintiff before the Court: 1.5 hours by

---

[1] Kilolo Kijakazi recently became the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to having the undersigned resolve the Motion. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 32), filed July 13, 2021; Reference Order (Doc. No. 33), entered July 14, 2021.

attorney Richard A. Culbertson in 2020 and 2021; and 16.3 hours by attorney Sarah P. Jacobs in 2020 and 2021. Id. at 2, 7; see id. at 11-12 (attached Schedules of Hours). Plaintiff requests an hourly rate of $207.78 for work performed in 2020 and $212.85 for work performed in 2021. Id. at 2, 7. Plaintiff is seeking a higher hourly rate than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Motion, the Court concludes an increase in inflation does justify a proportionate increase in attorneys' fees.[1] Further, the number of hours expended is reasonable.

Plaintiff has assigned her rights to any entitlement of attorney's fees due under the EAJA to her counsel. Motion at 2; Retainer Agreement (Doc. No. 31-1). Plaintiff represents as follows regarding the assignment:

> Any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept

---

[1] See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited July 23, 2021). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, No. 5:01-cv-148-GRJ, 2002 WL 1452232, at *3 (M.D. Fla. June 25, 2002) (unpublished).

> Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff's counsel.

Motion at 2.

In light of the foregoing, it is

**ORDERED**:

1. Plaintiff's Uncontested Motion for Attorney's Fees (Doc. No. 31) is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $3,775.54 pursuant to 28 U.S.C. § 2412(d).

3. The Commissioner may exercise her discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

**DONE AND ORDERED** in Jacksonville, Florida on July 23, 2021.

_____
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:
Counsel of Record

3